# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

GLENN TORTOSO,

    Plaintiff,

v.   Civil Action No.

PORTFOLIO RECOVERY ASSOCIATES, LLC; and
DOE 1-5

    Defendants.

## COMPLAINT
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §§ 559.55-559.785 ("FCCPA").

## JURISDICTION AND VENUE

2. This Court exercises jurisdiction under 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the actions alleged herein while Plaintiff so resided.

1

## PARTIES

3. Plaintiff, GLENN TORTOSO (hereinafter "Plaintiff" or "Mr. Tortoso"), is a natural person residing in Sarasota, Florida. Defendant, PORTFOLIO RECOVERY ASSOCIATES, L.L.C., (hereinafter "Defendant") is a limited liability company believed to maintain its principle place of business at 120 Corporate Blvd. in Norfolk, Virginia.

4. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5. PORTFOLIO RECOVERY ASSOCIATES, LLC and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a(6) and F.S.A. § 559.55(6), and an "out-of-state consumer debt collector," as defined by F.S.A. § 559.55(8).

## FACTUAL ALLEGATIONS

7. Defendants engaged in a protracted attempt to collect a consumer credit card debt allegedly owed by Mr. Tortoso's mother.

8. Mr. Tortoso's mother is 84 years old and resides with him. Mr. Tortoso maintains a single landline phone in service at the household.

9. On or about June 29, 2012, Defendants began calling the Tortosos from multiple numbers, making it difficult or impossible for Mr. Tortoso to screen the calls.

10. Defendants would ring Mr. Tortoso's phone repeatedly, rarely leaving a message as to what the calls were concerning.

11. Defendants called Mr. Tortoso no less than 181 times between June 29, 2012 and June 28, 2013 alone.  Mr. Tortoso was greatly disturbed and frustrated by Defendants' continued ringing of the home telephone, especially given his mother's age and health.

12. Increasingly harassed by the incessant calls, Mr. Tortoso retained counsel with Centennial Law Offices.  As a direct result of the collection activity herein alleged, Mr. Tortoso has incurred legal fees of $1,855.00.

## COUNT I

13. Plaintiff re-alleges paragraphs 1 through 12, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692d as follows: The volume and nature of Defendants' calls to Plaintiff was conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

## COUNT II

14. Plaintiff re-alleges paragraphs 1 through 12, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated F.S.A. § 559.72(7) as follows: The frequency of

Defendants' calls to Plaintiff was conduct which can reasonably be expected to abuse or harass Plaintiff in connection with the collection of a debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery for each cause of action in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. § 1692k(2);

2.) For statutory damages in the amount of $1,000 pursuant to F.S.A. § 559.77(2);

3.) For actual damages of $1,855.00 in legal costs incurred in responding to unlawful collection activity pursuant to 15 U.S.C. § 1692(k) and F.S.A. § 559.77(2);

4.) For prejudgment interest in an amount to be proved at time of trial;

5.) For attorney's fees pursuant to 15 U.S.C. § 1692(k) and F.S.A. § 559.77(2);

6.) For the costs of this lawsuit pursuant to 15 U.S.C. § 1692(k) and F.S.A. § 559.77(2);

7.) Punitive damages, pursuant to F.S.A. § 559.77(2); and

8.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  March 4, 2014

_____
ROBERT AMADOR, ESQ.
Attorney for Plaintiff GLENN TORTOSO
Centennial Law Offices
9452 Telephone Rd. 156

4

Ventura, CA. 93004
(888)308-1119 ext. 11
R.Amador@centenniallawoffices.com